UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD BENNETT,

       Petitioner,

v.                                          Case Number: 09-CV-10046
                                            Honorable Paul D. Borman

C. ZYCH,

       Respondent.
_____/

## OPINION AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Donald Bennett, a federal prisoner at the Federal Correctional Institution (FCI) in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2243. Petitioner was convicted by a jury in the United States District Court for the Northern District of Illinois Eastern Division in Chicago, Illinois, of (1) one count of conspiracy, 18 U.S.C. § 371, (2) five counts of armed-bank robbery, 18 U.S.C. § 2113(a) and (d), and, (3) five counts of possession of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1). On June 28, 1989, Petitioner was sentenced to (1) five-years imprisonment for each of the five counts of armed-robbery convictions, each to run concurrently to each other, and, (2) regarding the five counts of possession-of-a-firearm convictions, the court imposed a five-year sentence on the first count and a ten-year sentence on the remaining counts, each running consecutive to each other and consecutive to the five-year-bank-robbery sentence, for a total of fifty-years imprisonment. (*See* Judgment, attached to Petitioner's Petition.)

Petitioner's convictions and sentences were affirmed on appeal. *United States v. Bennett*,

908 F.2d 189 (7th Cir. 1990), *cert. denied*, 498 U.S. 991 (1990).

In his pleadings, Petitioner challenges his convictions and sentences on the ground that the trial court's jury instructions broadened the bases for his convictions, thereby violating his Fifth and Sixth Amendment rights to a fair trial. For the reasons set forth below, the Court denies the petition.

### I. Background

In 1991, Petitioner filed his first collateral attack under 28 U.S.C. § 2255, challenging his convictions and sentences. The district court denied that motion. Subsequently, Petitioner filed an appeal from that decision in the United States Court of Appeals For The Seventh Circuit, which was denied on March 8, 1994. *Bennett v. United States*, 19 F.3d 21 (7th Cir. 1994).

Following, Petitioner attempted to file leave to file successive or second § 2255 motions, which were denied. *Bennett v. United States*, 119 F.3d 4709 (7th Cir. 1997); *United States v. Bennett*, 172 F.3d 952 (7th Cir. 1999).

Petitioner filed the pending petition for writ of habeas corpus on January 7, 2009.

### II. Discussion

### A. Claim under § 2241

In this case, the question is whether Petitioner's claim is properly brought under § 2241. If a federal prisoner seeks to attack the execution of his sentence by challenging the computation of his parole or sentencing credit, he may do so by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district court having jurisdiction over his case. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Section 2241 is also the proper remedy for challenging the execution or manner in which a sentence is served, *United States v. Peterman*, 249 F.3d 458,

461 (6th Cir. 2001), and execution of a sentence includes challenges to the place of imprisonment, *see Jalili*, 925 F.2d at 893, and prison transfers, *Jiminian v. Hash*, 245 F.3d 144, 146 (2d Cir. 2001). Whereas, section 2255 is used to challenge the validity of the sentence itself. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1991) (citing *Jalili*, 925 F.2d at 893). Under highly exceptional circumstances, a federal prisoner may challenge his conviction and sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Section 2255(e) states in pertinent part:

> (e) An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The prisoner has the burden to prove that his remedy under § 2255 is inadequate or ineffective. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255 because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *Peterman*, 249 F.3d at 461.

Here, Petitioner argues that the jury instructions given were so clearly erroneous, and, as a result, he was improperly sentenced. Petitioner is attempting to raise new issues in this petition. However, Petitioner is barred from raising this claim under §§ 2241 and 2243. The Court finds that Petitioner has failed to satisfy the "rigorous showing" required to establish that §

2255 is inadequate or ineffective. *Perez*, 319 F.3d at 804.

Rather, the Court finds that is appears that Petitioner is doing nothing more than attempting to circumvent the requirements of 28 U.S.C. § 2255, arguing that he should be permitted to maintain his action under 28 U.S.C. § 2241, pursuant to the "savings clause" contained in 28 U.S.C. § 2255. The Court therefore finds that Petitioner's claim, challenging his convictions and sentences, is not properly before the Court under § 2241.

The Court recognizes that § 2255's "savings clause" permits a petitioner to file a habeas corpus petition challenging his conviction pursuant to § 2241 rather than § 2255 in limited circumstances: Section 2255's savings clause may make § 2241 relief available where a petitioner asserts a credible claim of actual innocence, *id.*, but Petitioner makes no such claim here.

The Sixth Circuit has now ruled that a valid claim of actual innocence satisfies the savings clause; actual innocence is required. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Petitioner's argument here is not based on a claim of actual innocence of the bank robbery and firearm offense. Rather, Petitioner argues that the jury instructions were erroneous. (*See* Petitioner's Brief, pp. 6-9.) Because Petitioner has "not shown an intervening change in the law that established . . . actual innocence," the savings clause provision does not apply. *Peterman*, 249 F.3d at 462.

Against that backdrop, this Court finds that Petitioner's habeas petition is essentially an attempt to circumvent the requirements of 28 U.S.C. § 2255 and therefore will deny the petition. Petitioner is not entitled to habeas corpus relief.

### III. Conclusion

The Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. §§ 2241 or 2243, because the petition is not properly filed under §§ 2241 or 2243.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

                                                S/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: January 26, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 26, 2009.

                                                S/Denise Goodine  
                                                Case Manager