UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD BENNETT,

       Petitioner,

v.                                        Case Number: 09-CV-10046
                                          Honorable Paul D. Borman

C. ZYCH,

       Respondent.
_____/

## ORDER
## DENYING PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT

Before the Court is Petitioner Donald Bennett's "Motion to Alter or Amend Judgment," pursuant to Fed.R.Civ.P. 59(e). (Dkt. # 4.) Petitioner is asking this Court to alter or amend its judgment, dated January 26, 2009, which dismissed Petitioner's habeas-corpus petition on the ground that his claim, challenging his convictions and sentences, was not properly before the Court under 28 U.S.C. § 2241. (Dkt. # 2.) Petitioner alleges in his pending motion that he is seeking to prevent manifest justice from the alleged constitutional violations and to correct the Court's error in dismissing his habeas petition.

A motion to alter or amend judgment under Fed.R.Civ.P. 59(e) "allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). The Court may alter or amend its judgment only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005), *cert. denied*, 547 U.S. 1070 (2006). "This standard is not

inconsistent with the 'palpable defect' standard" applied in this district when addressing motions for reconsideration.  *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).  Pursuant to the local rule, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.  E.D. Mich.  LR 7.1(g)(3).

Here, the pending motion raises issues that the Court has already ruled on.  The Court is not persuaded that it made a clear error of law or that it was misled by a palpable defect when it dismissed Petitioner's habeas petition.  It is not necessary to alter or amend the judgment to prevent a manifest injustice, as Petitioner's state conviction is final and not reviewable.  Accordingly, Petitioner's motion to alter or amend the judgment [dkt. # 4] is **DENIED**.

**SO ORDERED**.

                                        S/Paul D. Borman                              
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  March 10, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on

March 10, 2009.

                                        S/Denise Goodine
                                        Case Manager